1  Richard Caruso
2  1600 E. Vista Way #85
   Vista, CA 92084
3  Ph: 760-888-7418

4  Plaintiff In Pro Se

5

6

7

8        IN THE UNITED STATED DISTRICT COURT
         SOUTHERN DISTRICT OF CALIFORNIA
9

10  RICHARD CARUSO,                          )  Case No.  16CV0587 H BGS

11                                           )  **COMPLAINT FOR**
                       Plaintiff,            )  **DAMAGES AND INJUNCTIVE**
12        vs.                                )  **RELIEF PURSUANT TO**

13                                           )  1) TELEPHONE COMMUNICATIONS
                                             )     CONSUMER PRACTICES ACT
14                                           )     (TCPA) 47 U.S.C.§227 et.seq.;
    CALIFORNIA BUSINESS BUREAU,              )
15  a business entity, form unknown,         )  2) VIOLATIONS OF FEDERAL FAIR
    EQUIFAX INC., a National consumer        )     DEBT COLLECTION PRACTICES
16  credit reporting agency,                 )     ACT(FDCPA) §1692 et seq.
    TRANS UNION LLC. a National consumer     )
17  credit reporting agency,                 )  3) VIOLATIONS OF FEDERAL FAIR
    EXPERIAN INFORMATION SOLUTIONS INC)         CREDIT REPORTING ACT;
18  a National consumer credit reporting agency,)  (FCRA) 15 U.S.C.§1681 et seq.
    DOES 1 THROUGH 10, inclusively.          )
19                                           )  4) VIOLATIONS OF CALIFORNIA'S
                                             )     CONSUMER CREDIT
20                                           )     REPORTING AGENCIES ACT;
                                             )     CCRAA) CIV. CODE §1785 et seq.
21                                           )
                                             )  5) VIOLATIONS OF CALIFORNIA'S
22                                           )     ROSENTHAL FAIR DEBT
                                             )     COLLECTIONS PRACTICES ACT
23                                           )     CALIFORNIA CODE CIV.§1788 et seq.
                                             )
24                                           )  6) DECLARATORY RELIEF
                                             )
25                                           )  **DEMAND FOR JURY**

26                       **COMPLAINT**

27        COMES NOW, RICHARD CARUSO, Plaintiff, In Pro Se in the above-

28  entitled case as an individual *hereby sues* the *above-named Defendants* and makes

---

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**        COURT Copy        **PAGE 1**

1 the following allegations and claims against all of these same said Defendants for

2 strict statutory violations of the Telephone Communications Consumer Practices Act

3 (TCPA) 47 U.S.C.§227 *et.seq*, Consumer Fair Debt Collection Practices Act (FDCPA)

4 15 U.S.C. §1692 *et seq*., for violations of the Telephone Communications Practices

5 Act (TCPA) 47 U.S.C. §227(a)(iii), and also for violations of the California

6 Rosenthal Fair Debt Collection Practices Act Civil Code Section 1788 *et seq.*

# I.  <u>PRELIMINARY STATEMENT</u>

8      **1.** This is an action for damages and injunctive relief brought to this Ninth

9 Circuit U.S. District Court by Plaintiff RICHARD CARUSO against all of the

10 following named Defendant's as follows ●

11          ●     CALIFORNIA BUSINESS BUREAU, a business entity, form unknown,

12          ●     EQUIFAX INC., a National consumer credit reporting agency or

13 ("CRA") as defined by 15 U.S.C. §1681(f).

14          ●     TRANS UNION LLC., a National consumer credit reporting agency or

15 ("CRA") as defined by 15 U.S.C. §1681(f).

16          ●     EXPERIAN INFORMATION SOLUTION INC., a National credit

17 reporting agency or ("CRA") as defined by 15 U.S.C. §1681(f).

18          ●     DOES 1 THROUGH 10, inclusively, *<u>for numerous statutory violations</u>*

19 of the Telephone Consumer Practices Act's (TCPA's) as follows: ●

20          ●     47 U.S.C. §227(b)(1)(A)  (TCPA);

21          ●     47 U.S.C. §227(b)(1)(A)(iii), (TCPA);

22 For strict statutory violations of the Fair Debt Collection Practices Act's  (FDCPA's)

23 as follows: ●

24          ●     15 U.S.C.§1692c(a)(1),  Fair Debt Collection Practices Act (FDCPA)

25          ●     15U.S.C.§1692d(5),  Fair Debt Collection Practices Act (FDCPA)

26          ●     15 U.S.C.§1692d(6), Fair Debt Collection Practices Act (FDCPA)

27          ●     15 U.S.C. §1692e(10), Fair Debt Collection Practices Act (FDCPA)

28 For strict statutory violations of the California Rosenthal Fair Debt Collection

1  Practices Act (CFDCPA) as follows: •

2      •    California Code of Civil Procedure §1788 *et seq.*

3      **2.**  Congress enacted the FCRA to establish rights to privacy over their

4  credit and financial information and to insure the "*[a]ccuracy and fairness of*

5  *credit reporting.* "FCRA provides several protections for consumers, including

6  but not limited to the *right to be notified of any negative/unfavorable information*

7  *reported in their name* and the *right to dispute inaccurate, outdated and/or*

8  *incomplete information* on their personal consumer credit files and reports.

9      **3.**  FCRA regulates credit reporting agencies as well as creditors, collection

10  agencies and other parties who *provide consumer credit information to credit*

11  *reporting agencies and/or obtain and use the consumer credit reports.*

12  FCRA Section 623, 15 U.S.C.§1681s-2, imposes obligations on furnishers of

13  information to the credit reporting agencies. Furnishers must report *accurate*

14  *information*, correct and update erroneous information, and provide certain notices

15  to consumers pertaining to furnished information.

16      **4.**  CCRAA was implemented to protect the credit information of California

17  consumers. CCRAA also regulates consumer credit reporting agencies and

18  furnishers of information with respect to personal, credit and other financial

19  information submitted and maintained in their consumer credit file. CCRAA in

20  California Civil Code §1785.25-1785.26 *refrains* furnishers of consumer credit

21  information from reporting information that *they know or should have known was*

22  *erroneous*, and obligates furnishers to *cease credit reporting* of information

23  disputed by consumers *after receiving a notice of such dispute* from individual

24  consumers.

25      **5.**  CCRAA provides consumers with the *right to be informed of negative*

26  *credit reporting* and the *right to dispute information in their credit reports*, which

27  they believe is incomplete and/or inaccurate. Consumers also have the *right to bring*

28  *civil actions against violators of any provision of the CCRAA with respect to their*

1  *rights and their credit, and to seek monetary damages.* California Civil Codes
2  §1785.19 and §1785.31.

3     **6.**   The FDCPA regulates the behavior of collection agencies attempting to
4  collect a consumer debt *on behalf of another entity.* The United States Congress has
5  found *abundant evidence of the use of abusive, deceptive, and unfair consumer*
6  *debt collection practices contribute to a number of personal bankruptcies, marital*
7  *instability, loss of jobs, and invasions of individual privacy.* Congress enacted the
8  FDCPA to *eliminate abusive consumer debt collection practices by debt collectors,*
9  to ensure that those debt collectors who refrain from using abusive debt collection
10  practices are not competitively disadvantaged, and to promote uniform State action
11  to *protect consumers against debt collection abuses described* in
12  [15 U.S.C.§1692(a)-(e)].

13     **7.**   The FDCPA is a strict liability statute, which provides for actual and
14  statutory damages upon the showing of ***one violation.*** The Ninth Circuit has held
15  that whether a debt collector's conduct violates the FDCPA should be judged from
16  the standpoint of the "*least sophisticated*" consumer. [Baker v. G.C. Services Corp.,
17  677 F.2d 775, 778 (9th Cir. 1982); *Swanson v. Southern Oregon Credit Service, Inc.*
18  869 F.2d 1222, 1227(9th Cir. 1988)]. This objective standard "ensure[s] that the
19  FDCPA *protects all consumers,* the *gullible as well as the shrewd ... the ignorant,*
20  the *unthinkable* and the *credulous.*" [*Clomon v. Jackson*, 988 F.2d 1314, 1318-19
21  (2nd Cir. 1993)].

22     **8.**   To prohibit deceptive practices the FDCPA, at 15 U.S.C.§1692e,
23  outlaws the use of *false, deceptive,* and *misleading collection letters* and names a
24  non-exhaustive list of certain per se violations of *false* and *deceptive collection*
25  *conduct* 15 U.S.C.§1692e(1)-(16).

26     **9.**   To prohibit *harassment and abuses* by debt collectors the FDCPA, at
27  15 U.S.C.§1692d, provides that a debt collector *may not engage in any conduct the*
28  *natural consequences of which is to harass, oppress, or abuse any person in*

1 *connection with the collection of a consumer debt* and names a non-exhaustive list
2 of certain per se violations of harassing and abusive collection conduct
3 15 U.S.C.§1692d(1)-(6).  Among these per se violations prohibited by this section
4 are: *any collection activities and the placement of telephone calls without*
5 *meaningful disclosure of the callers identity* [15 U.S.C.§1692d(6)].

6     **10.**   The FDCPA also prohibits, at15 U.S.C.§1692c, *without the prior*
7 *consent of the consumer given directly to the debt collector*, or the *express written*
8 *permission of a court of competent jurisdiction*, or as reasonably necessary to
9 effectuate a post judgement judicial remedy, communication by a debt collector in
10 connection with the collection of *any consumer debt.*, with any person other than the
11 consumer, his attorney, a consumer reporting agency if otherwise permitted by law,

12     **11.**   The RFDCPA *regulates collection agencies and original creditors* the
13 creditor, the attorney of the creditor, or the attorney of the consumer debt collector.
14 has determined that the banking and credit system and grantors of credit  to
15 consumers are *dependent upon the collection of just and owing debts* and that
16 *unfair or deceptive collection practices undermine the public confidence that is*
17 *essential to the continued functioning of the banking and credit system and sound*
18 *extensions of credit to consumers.* The Legislature has further determined that there
19 is a need that debt collectors *exercise their responsibility with fairness, honesty, and*
20 *due regard for the debtor's rights* and that debt collectors must be *prohibited from*
21 *engaging in unfair or deceptive acts or practices.*

22     **II.  JURISDICTION AND VENUE**

23     **12.**   Jurisdiction of this Court arises under 47 U.S.C.§227(b)(3)  and
24 15 U.S.C. §1692(k)(d),  supplemental jurisdiction also exists for the state law claims
25 pursuant to California Stat.§1788 and California Code of Civil Procedure §410.10.

26     **13.**   The following above-named Defendants:
27     ● CALIFORNIA BUSINESS BUREAU , a business entity, form unknown,
28     ● EQUIFAX INC., a National consumer credit reporting agency (CRA),

1  as defined by 15 U.S.C. §1681(f).

2  •  TRANS UNION LLC., a National consumer credit reporting agency
3  (CRA), as defined by 15 U.S.C. §1681(f).

4  •  EXPERIAN INFORMATION SOLUTIONS INC., a National Credit
5  Reporting Agency ("CRA") as defined by 15 U.S.C. §1681(f).

6  •  DOES 1 thru 10 inclusively, all conduct business in the State of
7  California and therefore, personal jurisdiction is established. The jurisdiction of this
8  court is further conferred by 15 U.S.C.§1681p.

9  **14.**  Venue is proper pursuant to 28 U.S.C. §1391b and California Civil
10  Procedure §395(a). Venue in this Ninth District is proper in that Plaintiff
11  RICHARD CARUSO resides in San Diego County.

12  **15.**  The Defendant's all transact business in San Diego County, and the
13  conduct complained of occurred in San Diego County.

14  **16.**  This is an action for damages which _exceeds $50,000.00 U.S. Dollars_

15

16  # III.   PRIVATE RIGHT TO ACTION

17  **17.** FCRA Sections 616 and 617, U.S.C. §1681o, create private right of
18  action consumers can bring against violators of any provision of the FCRA with
19  regards to their credit. In _DiMezza v. First USA Bank, Inc._ supra, the court
20  confirmed that "[...] the plain language of [CRA Sections 616 and 617, 15
21  U.S.C.§1681n and §1681o] provide a private right of action for a consumer against
22  furnishers of information who have willfully or negligently failed to perform their
23  duties upon notice of a dispute. [...] there is a private right of action for consumers
24  to enforce the investigation reporting duties imposed on furnishers of information."

25  **18.** _Gorman v. MBNA America Bank_, N.A., No. 06-17226 further established
26  Private Remedy Against Furnishers by consumers and FCRA Section 1681s-2(b)
27  _triggers Defendants' furnisher's liability under this section_, since Plaintiff made his
28  initial written disputes with the credit reporting agencies.

1    **19.**    California Civil Code §1785.15(f) expressly states that consumers
2    "have a right to bring civil action against anyone [...], who improperly obtains
3    access to a file, knowingly or willfully misuses file data, or fails to correct
4    inaccurate file data" concerning a consumer's credit report. Plaintiff has further
5    right to action pursuant to Cal. Civ. Code §1785.31(a), which states that Plaintiff as
6    "any consumer who suffers damages as a result of a violation of this title by any
7    person may bring an action in a court of appropriate jurisdiction against that person
8    to recover actual, statutory, and punitive damages together with attorneys fees and
9    costs, pursuant to 15 U.S.C. §1692(d)(5), together with such other and further relief
10   as the Court may deem reasonable and just under the circumstances.

11   **20.**    *Sanai v. Saltz, et al.*, 2009 Cal. App. LEXIS 83 (Cal. App. 2d Dist.
12   Jan. 26, 2009) established that consumers may re-plead their FCRA claims as
13   violations of the CCRAA and that State claims are not preempted by the FCRA.
14   In further support, courts have uniformly rejected creditors' and consumer reporting
15   agencies' arguments that the FCRA bars State law claims. See *Sehl v. Safari Motor*
16   discussion); *Harper v. TRW*, 881F. Supp. 294 (U.S.D.C. S.D. Mich. 1995);
17   *Coaches, Inc.*, 2001 U.S. Dist. Lexis 12638 (U.S.D.C. N.D. Cal. 2001);
18   *Rule v. Ford Receivables,* 36 F. Supp.2d 335 (U.S.D.C. S.D. Va. 1999);
19   *Watkins v. Trans Union*, 118F. Supp.2d 1217 (U.S.D.C. N.D. Ala. 2000);
20   *Swecker v. Trans Union,* 31 F. Supp.2d 536 (U.S.D.C. E.D. Va. 1998);
21   *Saia v. Universal Card Svc.*, 2000 U.S. Dist. Lexis 9494, 2000 Westlaw 863979
22   (U.S.D.C. E.D. La. 2000); *Sherron v. Private Issue by Discover*, 977 F. Supp.2d 804
23   (U.S.D.C. N.D. Miss 1997); *Hughes v. Fidelity Bank,* 709 F. Supp.2d 639,
24   (U.S.D.C. E.D. Pa. 1989).

25   **21.**  15 U. S. C. §1692k(a) states that "... any debt collector who fails to comply
26   with any provision of this title with respect to any person is liable to such person in
27   an amount equal to the sum of-."

28

1    **22.**   Cal Civ. Code §1788.30(a) states that "any debt collector who violates

2  this title with respect to any debtor shall be liable to that debtor only in an individual

3  action..."

## IV.  THE PARTIES

5    **23.**   Plaintiff RICHARD CARUSO, (hereinafter "CARUSO") is a natural

6  person and a resident of the State of California, San Diego North county, Vista,

7  92084.

8    **24.**   Upon information and belief the following Defendant's

9     •    CALIFORNIA BUSINESS BUREAU, (hereinafter "CBB") is a

10  nationwide provider of accounts receivable management and consumer debt

11  collection service which purchases and collects alleged negative consumer debts

12  from other companies CBB's corporate office is located at 1711 S. Mountain Ave.

13  Monrovia, CA,  91017.

14     •    EQUIFAX INC., , (hereinafter " EQUIFAX") is a National credit

15  reporting agency ("CRA")  as defined by 15 U.S.C. §1681(f) with their corporate

16  offices located at 1150 Lake Hearn Drive NE, Atlanta, GA 30343.

17     •    TRANS UNION LLC., (hereinafter " TU") is a National credit

18  reporting agency ("CRA")  as defined by 15 U.S.C. §1681(f) with their corporate

19  offices located at 2 Baldwin Place, Chester, PA 19022.

20     •    EXPERIAN INFORMATION SOLUTIONS INC., (hereinafter " EIS")

21  is a National credit reporting agency ("CRA")  as defined by 15 U.S.C. §1681(f)

22  with their corporate offices located at 2 Baldwin Place, Chester, PA 19022.

23     •    DOES 1 thru 10 inclusively,

24    **25.**   Defendants Does 1 thru 10, are individuals and business entities, form

25  unknown, doing business in the State of California as credit reporting agencies, debt

26  collection agencies, creditors or other persons or entities which engage in credit

27  reporting and/or debt collection. Does 1-10, Inclusive, includes individuals or

28  business entities doing business in the State of California as credit reporting

1  agencies, debt collectors and/or creditors who have refused to delete accounts of
2  Plaintiff CARUSO's that were procured through identity theft, mixed file or other
3  manner of recording an inaccurate credit account, even after Plaintiff CARUSO has
4  notified them of the false or inaccurate derogatory consumer credit information, and
5  also who have reported such accounts as derogatory credit references to credit
6  reporting agencies (hereinafter "CRA's").

7      **26.**   Plaintiff CARUSO  does not know the true names and capacities,
8  whether corporate, partnership, associate, individual or otherwise of defendants
9  CBB, EQIFAX, TU, EIS and DOES 1-10 inclusive, under the provisions of Section
10 §474 of the California Code of Civil Procedure.

11     **27.**   Plaintiff CARUSO is informed and believes and on that basis alleges that
12 defendants CBB, EQIFAX, TU, EIS and DOES 1-10 inclusive, are in some manner
13 responsible for the acts,occurrences and transactions as officers, directors or
14 managing agents of defendants CBB, EQIFAX, TU, EIS and DOES 1-10 or as its
15 agents, servants, employees and/or joint ventures and as set forth in this Complaint,
16 and that each of them are legally liable to Plaintiff CARUSO , as set forth below and
17 herein:

18     a)    Said Officers, directors or managing agents of defendants CBB,
19 EQIFAX, TU, EIS and DOES 1-10 personally acted willfully with respect to the
20 matters alleged in this Complaint;

21     b.    Said Officers, directors or managing agents of defendants CBB, EQIFAX,
22 TU, EIS and DOES 1-10 personally authorized, approved of, adopted and/or ratified
23 the acts alleged herein or the agents, servants, employees and/or joint ventures of
24 defendants CBB, EQIFAX, TU, EIS and DOES 1-10 did so act;

25     c.    Said Officers, directors or managing agents of defendants CBB,
26 EQIFAX, TU, EIS and DOES 1-10 inclusive, personally participated in the acts
27 alleged herein;

28     d.    Said Officers, directors or managing agents of defendants CBB, EQIFAX,

1  TU, EIS and DOES 1-10 inclusively,  personally had close supervision of their
2  agents, servants, employees and/or joint ventures of defendants CBB, EQIFAX, TU,
3  EIS and DOES 1-10 inclusively;

4         e.   Said Officers, directors or managing agents of defendants CBB, EQIFAX,
5  TU, EIS and DOES 1-10 personally were familiar with the facts regarding the
6  matters alleged herein;

7         f.   Said Officers, directors or managing agents of defendants CBB, EQIFAX,
8  TU, EIS and DOES 1-10 personally failed to investigate the circumstances
9  appertaining to the acts alleged herein. They also failed and refused to repudiate the
10 herein alleged actions and failed to redress the harm done to plaintiff CARUSO.

11        g.   Furthermore, said Officers, directors, or managing agents of defendants
12 CBB, EQIFAX, TU, EIS and DOES 1-10   failed and refused to punish or discharge
13 the said agents, servants, employees and/or joint venturers of the Defendants.
14 Plaintiff CARUSO will seek leave to amend this complaint to set forth the true
15 names and capacities of the said fictitiously named defendants CBB, EQIFAX, TU,
16 EIS and DOES 1-10  as enumerated above, together with appropriate charging
17 allegations, when learned.

18       **28.**   Plaintiff CARUSO is informed and believes, and thereon alleges that at
19 all relevant times herein each Defendant, whether actually or fictitiously named, was
20 the principal, joint venturer, agent, servant or employee of each other Defendant,
21 and in acting as such within the course, scope and authority of such relationship,
22 took some part in acts and omissions hereinafter set forth, by reason of which each
23 Defendant is liable to Plaintiff for the relief prayed for in this Complaint, and any
24 future amended Complaint. Furthermore, Plaintiff CARUSO alleges that each act
25 alleged herein, whether by named  defendants CBB, EQIFAX, TU, EIS and
26 DOES 1-10 or fictitiously named defendants or otherwise, was expressly authorized
27 or ratified, as these terms are used in California Civil Code Section §3294(b), by
28 each and every other Defendant herein, whether named or fictitiously named.

1  **29.**   Collectively, these defendants CBB, EQIFAX, TU, EIS and DOES 1-10

2  hereto will be referred to as "credit bureau defendants" or "credit agency

3  defendants", is a consumer creditor which, among other activities, reports allegedly

4  delinquent consumer debts to credit bureaus and is a "furnisher" of negative

5  consumer credit to credit bureau defendants.

6  # V.  FACTUAL ALLEGATIONS

7  **30.**   Plaintiff CARUSO *has no prior or present established relationship*

8  with the defendants CBB, EQIFAX, TU, EIS and DOES 1-10 as it pertains to *ANY*

9  negative consumer debt account or *any other alleged accounts in any amounts*.

10  **31.**  Plaintiff CARUSO *has no contractual obligation to* defendants CBB,

11  EQIFAX, TU, EIS and DOES 1-10 *to pay them anything*.

12  **32.**  Plaintiff CARUSO *has never given* defendants CBB, and DOES 1-10

13  *express written permission to* call Plaintiff's cellular phone more than fifty (50)

14  times, *many times more than once in the same business day*, between the dates of

15  November 01, 2012 and today's date.

16  **33.**  Defendants CBB, DOES 1-10 hereto called plaintiff's cell phone

17  numbers (760) 216-0157, (760) 877-4404, (760) 877-0400, (760) 888-7418 from

18  phone numbers (626) 303-1515, (626) 305-8360, (800) 755-1515, more than

19  fifty(50) times, *many of these fifty (50) harassing consumer debt collection calls*

20  *were made in the same business day*, [i.e. one day the defendants CBB, EQIFAX,

21  TU, EIS and DOES 1-10 called his cell phone seven (7) times in one business day]

22  clearly violating 15 U.S.C. §1692c(a) of the (FDCPA).

23  **34.**  Plaintiff CARUSO hereby moves this Ninth District honorable court to

24  take "Judicial Notice" that none of the more than fifty (50) harassing consumer debt

25  collection calls placed by defendants CBB, EQIFAX, TU, EIS and DOES 1-10

26  between the dates of November 01, 2012 and today's date *were made for emergency*

27  *purposes*, clearly violating United Stated Code 47 U.S.C. §227(b)(1)(A)(iii), of the

28  United States (TCPA) laws.

**35.** Plaintiff CARUSO further informs this honorable court that between the dates of November 01, 2012, and today's date defendants CBB, and DOES 1-10 called plaintiff's cell phone numbers (760) 216-0157, (760) 877-4404,(760) 877-0400, (760) 888-7418  from phone numbers (626) 303-1515, (626) 305-8360, (800) 755-1515,  more than fifty (50) times, *many times placing numerous harassing collection calls in the same business day* violating the TCPA's strict statutory guidelines *by using automatic telephone dialing system capabilities or artificial or prerecorded messages or voices.*

**36.** Between the dates of November 01, 2012 and today's date defendants CBB and DOES 1-10 placed calls to the plaintiff's cell phone numbers (760) 216-0157, (760) 877-4404, (760) 877-0400, (760) 888-7418  from phone numbers (626) 303-1515, (626) 305-8360, (800) 755-1515, more than fifty (50) times *asserting a right which it lacks to wit, the right to enforce* a consumer debt allegedly owed by plaintiff CARUSO to by these same said defendants.

**37.** Between the dates of November 01, 2012 and today's date, defendants CBB and DOES 1-10 called plaintiff's cell phone numbers (760) 216-0157, (760) 877-4404, (760) 877-0400, (760) 888-7418 from phone numbers (626) 303-1515, (626) 305-8360, (800) 755-1515,  more than fifty (50) times *[During many of these calls failed to identify that they were consumer debt collectors trying to collect on a alleged negative consumer debt]* originating between the years of 2012 to the present date, allegedly owed to these same defendants by Plaintiff  CARUSO.

**38.** On numerous occasions plaintiff CARUSO has demanded in writing that above- named defendants CBB, EQIFAX, TU, EIS and DOES 1-10 provide plaintiff CARUSO with written "verification" and consumer debt validation as defined by 15 U.S.C.§1692g(1)(2)(5)(b) and the California Consumer Protection Statutes and Laws, as it pertained to any/all alleged consumer debt[s], to date all defendant's in the above-entitled case have ignored all attempted communications

1    by phone, email, in writing, or otherwise, clearly demonstrate willful and non-

2    compliance with 47 U.S.C. §227(b)(1)(A), (TCPA).

3       **39.**   Defendants CBB and DOES 1-10 by and thru their above-described

4    actions violated the strict statutory guidelines set forth in §1692d of the Fair Debt

5    Collections Practices Act (FDCPA) *by engaging in conduct the natural*

6    *consequences of which is to harass, oppress, or abuse* the plaintiff by calling his

7    cell phone on more than fifty (50) separate occasions over three year period of time

8    from November 01, 2012 to today's date.

9       **40.**   Many of these cell phone calls were placed before the very early

10    morning hours of *8:00 am and after the late evening hours of 9:00 pm at night*,

11    another direct statutory violation of Federal Rules and Civil Procedures.

12       **41.**   Many of *these same abusive calls* were placed *multiple times on the*

13    *very same day,* all of which the plaintiff has to pay for on his monthly cellular

14    phone bills.

15       **42.**   Defendants CBB and DOES 1-10, *clearly violated* section §1692d(5) of

16    the Fair Debt Collection Practices Act (FDCPA) and at the *very same time* violated

17    the California Rosenthal Fair Debt Collection Practices Act Section §1788.17

18    (CFDCPA), by calling plaintiff CARUSO on his personal cell phones on more than

19    fifty (50) separate occasions and caused Plaintiff CARUSO's cellular phones to

20    ring repeatedly and continuously with the intent to annoy, abuse, or harass him into

21    paying alleged consumer debts owed to the defendant's named herein.

22       **43.**   The same *consumer business debt[s]* allegedly owed to all of the

23    defendant's herein arose out of a transaction that was primarily for *personal,*

24    *family, or household purposes.*

25       **44.**   As plaintiff CARUSO *has no business debt*, this same *alleged business*

26    *debt* presently sought now by defendants CBB and DOES 1-10 *could only have*

27    *been used for personal, family, or household purposes.*

28

**45.** During this same0 more than three year period of time the defendants CBB and DOES 1-10 totally ignored all written attempts by plaintiff CARUSO to *cease and desist* all collection activities *immediately, instead,* these same defendant's *commenced an ongoing almost daily campaign over a more than three year period of time to harass, abuse and coerce plaintiffCARUSO into paying an alleged consumer debt he has never owed.*

**46.** On April 26, 2015, Plaintiff CARUSO sent defendants CBB and DOES 1-10 a Notice of Intention to Commence Action by Certified Mail Receipt No # 7015 0640 0000 4511 4065 *which* to date defendants CBB and DOES 1-10 have fully ignored these requests and to date is *not responding to any* written communication efforts/demands  made by the plaintiff.

# VI.   COUNT I
## VIOLATIONS OF THE TELEPHONE COMMUNICATIONS PRACTICES ACT (TCPA) 47 U.S.C. §227(b)(1)(A) AGAINST DEFENDANTS CBB and DOES 1-10

**47.** Plaintiff CARUSO re-alleges and restates all of the foregoing jurisdictional allegations and general factual allegations in paragraphs 1 thru 46 herein.

**48.** In 1991, Congress enacted th TCPA [1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

**49.** The TCPA regulates, amongst other things, the use of Voice and ATDS systems. Specifically, the *plain language* of Section §227(b)(1)(A) prohibits the use of an ATDS system to make any call to a wireless number, or to use a Voice system during such a call, in the absence of *an emergency* or the *prior express written consent* of the called party.[2]

**50.** According to findings by the FCC, the agency Congress vested with the authority to issue regulations implementing the TCPA, such calls are strictly prohibited because, as Congress found, telephone calls using a Voice or an ATDS system are a *greater nuisance and invasion of privacy* than *live solicitation calls,*

and such calls can be *costly and inconvenient to the called party*. The FCC also recognized that *wireless customers are charged for incoming calls whether they pay in advance or after the cell phone minutes are used*. [3]

**51.**   On January 4, 2008, the FCC released a Declaratory Ruling wherein it was confirmed that all Voice and ATDS consumer debt collection calls to a wireless cell phone number by a creditor or consumer debt collector are permitted only if the calls are made with the "*prior express written consent*" of the called party. [4]

**52.**   The FCC "emphasize[d] that prior express written consent is deemed to be granted only if the wireless number was provided during the transaction that resulted in the debt owed. [5]

**53.**   This same Declaratory Ruling of 2008 further dictates that:

" a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for *any* violation of the Commission's rules. Calls placed by a third party debt collector on behalf of that creditor are treated as if the creditor itself placed the call ." [6]

**54.**   Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on the defendants CBB and DOES 1-10 to *demonstrate* that plaintiff CARUSO gave his *prior express written consent* to use a Voice and/or a ATDS system to place numerous calls to his cell phones within the meaning of the statute. [7]

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codiified at 47 U.S.C. §227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. §201 et. seq.
[2] 47 U.S.C. §227(b)(1)(A).
[3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).
[4] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("FCC *Declaratory Ruling*"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).
[5] *FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶ 10).
[6] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codiified at 47 U.S.C. §227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. §201 et. seq.

**55.** At all times pertinent hereto, defendants CBB and DOES 1-10 , have conducted their business's by engaging in consumer debt collection practices.

**56.** The defendants CBB and DOES 1-10, all of them have made hundreds of thousands of telephone calls to the cellular telephones of consumers for the purposes of collecting consumer debts allegedly owed to them, or, consumer debt's bought directly from the original consumer creditor by them.

**I.** **FIRST CHALLENGED PRACTICE:**
Debt Collector's CBB and Does 1 Through 10
made Calls To Plaintiff's Cellular Telephones Using a
Voice And/Or ATDS System .

**57.** At all times pertinent hereto, the defendants CBB and DOES 1-10, as Debt Collectors, have utilized a Voice and/or a ATDS system during consumer debt collection calls made to the cellular telephones of consumers who *had not*, during the transaction that resulted in the alleged consumer debt, previously given defendants CBB and DOES 1-10, *express written permission or consent* to *receive such calls*.

**58.** Calls utilizing Voice and/or a ATDS system allow defendants CBB and DOES 1-10, to *collect more consumer debt*.

**59.** At all times pertinent hereto, defendants CBB and DOES 1-10, have utilized a Voice and/or a ATDS system during debt collection calls which is one of this "industries newest innovations" which is "agentless" and can place hundreds of recorded messages as consumer debt reminders all in the same business day."

**60.** At all times pertinent hereto, defendants CBB and DOES 1-10, all consumer debt collectors, have utilized a Voice and/or a ATDS system including a predictive dialer, to make debt collection calls to the private cellular telephones of consumers who had not, during the transaction that resulted in the alleged consumer debt, *ever* previously given defendants CBB and DOES 1-10, *express written permission or consent* to receive such calls.

61.   A predictive dialer is a Voice and/or a ATDS system within the meaning of the TCPA, because it is equipment that, when paired with certain computer software,   has the capacity to store or produce telephone numbers to be called and without human intervention to dial such numbers at random, in sequential order, and/or from a database of numbers.

62.   Defendants CBB and DOES 1-10, have entered into written contracts with all of its subsidiaries to use predictive dialers, for example:

> **i.e. the terms of the Collection Services Agreement utilized by defendants
> CBB and DOES 1-10,** *require that consumers be contacted*
> **"** *via Voice and/or a ATDS predictive dialer system in an effort to collect
> on past due balances." See Lee v. Credit Mgmt., LP, 2012 WL 113793, at
> *11 & n.17 (S.D. Tex. 2012).*

63.   Calls utilizing an Voice and/or a ATDS system allow each and every defendant described herein CBB, and DOES 1-10 *to collect more debt*.

64.   At all times pertinent hereto,  defendants CBB and DOES 1-10, have been fully aware that its employees/personnel have utilized an Voice and/or a ATDS system because, *inter alia*, the use of an Voice and/or a ATDS system  is standard industry practice among consumer debt collectors., the "predictive dialer enables us to reach more of our client's while maintaining a cost-effective approach"and that the "dialer *** completes call campaigns more quickly*** conducts the most effective calling strategies ***.""

65.   On information and belief, within the past three (3)  years, defendants CBB and DOES 1-10, have placed ten of thousands of Voice system and/or ATDS calls to the cellular telephones of consumers *who had not*, during the transaction that resulted in the alleged consumer debt, *previously given* defendants CBB and DOES 1-10, *prior express written  consent* to receive such calls.

II.   **Second Challenged Practice:**
Defendant's CBB and DOES 1-10
Making Calls To Plaintiff CARUSO's Cellular Telephones Using a
Voice And/Or ATDS System .

66.   At all times pertinent hereto, defendants CBB and DOES 1-10, have utilized a Voice and/or a ATDS system during consumer debt collection calls to the cellular telephones of consumers who *had not*, during the transaction that resulted in the consumer debt, *previously* given  defendants CBB and DOES 1-10, *express written consent* to receive such calls.

67.   At all times pertinent hereto,  defendants CBB and DOES 1-10,  have also utilized an Voice and/or a ATDS system , including a *predictive dialer*, to make consumer debt collection calls to the cellular telephones thousands of consumers who had not, during the transaction that resulted in the debt, previously given defendants CBB and DOES 1-10, *express written consent* to receive such calls.

68.   Plaintiff CARUSO in the past  has discovered company information over the internet and other sources  including customer reviews concerning defendants CBB and DOES 1-10, It is has been this plaintiff's strong belief that, the  defendants CBB and DOES 1-10, *within the past three  years*, has made hundreds of thousands of Voice and/or ATDS calls to the cellular telephones to consumers who had not, during the transaction that resulted in the alleged debt, previously given  defendants CBB and DOES 1-10, *prior express written consent* to receive such calls.

## III.  **Plaintiff  RICHARD CARUSO**

69.   Plaintiff RICHARD CARUSO  is a "person" as defined by 47 U.S.C.§153(39).

70.   On January 07, 2013, plaintiff CARUSO began receiving the first automated telephone call at 8:03 am of many more automated recorded telephone calls to follow from  defendants CBB and DOES 1-10 phone number 626-303-1515, on plaintiff's cell phone number (760) 216-0157.

1    **69.**   For Example, plaintiff CARUSO's T-Mobile cell phone records show

2    that he received incoming calls from defendants CBB and DOES 1-10, on at least

3    <u>one</u> of the following dates:

4        a.     January 08, 2013;        (two calls from Phone # (626) 303-1515)

5        a.     January 09, 2013;        (three calls from Phone # (626) 303-1515)

6        c.     February 23, 2013;       (four calls from Phone # (800) 755-1515)

7        d.     March 9, 2013;            (eight calls from Phone # (626) 303-1515)

8        e.     April 15, 2013;          (three calls from Phone # (626) 305-8360)

9        f.     May 22, 2013;            (four calls from Phone # (626) 305-8360)

10       g.     May 27, 2013;            (three calls from Phone # (626) 303-1515)

11       h.     June 08, 2013;          (two calls from Phone # (800) 755-1515)

12       i.     June 09, 2013;          (three calls from Phone # (626) 303-1515)

13       j.     June 11, 2013;           (four calls from Phone # (626) 303-1515)

14       k.     June 12, 2013;           (four calls from Phone # (626) 303-1515)

15   **70.**   Defendant's CBB and DOES 1-10 placed a multitude of other calls to

16   defendant CARUSO's private cell phone numbers over the past three years,

17   *more than this defendant cares to document in this Complaint* , but the finding of

18   *the exact amount* of these *multiple harassing calls* can be found out by plaintiff

19   CARUSO during the Discovery process of this Complaint for Damages and

20   Injunctive Relief set for Jury trial.

21   **71.**   Plaintiff CARUSO *has no relationship with the* defendant's CBB and

22   DOES 1-10, there exists *no contract* between plaintiff CARUSO and defendant's

23   CBB and DOES 1-10 *for arbitration or otherwise*.

24   **72.**   Defendant's CBB and DOES 1-10 *utilized a* Voice and/or ATDS

25   *during at least some of the more* than thirty fifty (50) calls placed cellular calls to

26   the plaintiff's  cellular phones described above.

27   **73.**   *All of the* Voice and/or ATDS *calls described above were placed by*

28   defendant's CBB and DOES 1-10, to plaintiff CARUSO's cellular phones *solely*

1   *to collect a consumer debt allegedly owed to the* phones  by plaintiff CARUSO.

**74. (TCPA) 47 U.S.C. §227(b)(1)(A) states in part;**

**(b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT VOICE AND/OR ATDS SYSTEM:**

**(1)** PROHIBITIONS - It shall be unlawful for any person within the United States, or person outside the United States if the recipient is inside the United States -

**(A)** to make any call (other than a call made for emergency purposes or made with the prior express written consent of the called party) using any automatic telephone dialing system or an artificial or pre-recorded voice .

**75.** Defendant's CBB and DOES 1-10  *have demonstrated willful and knowing non-compliance* with 47 U.S.C. §227(b)(1)(A) *by using an automatic telephone dialing system* to call the Plaintiff's cell phone numbers  from January 07, 2013 to the present date  more than fifty (50) times. All of these call from the dates of January 07, 2013 and today's date defendant's CBB and DOES 1-10 placed calls numerous harassing calls to the  plaintiff's cell phone numbers (760) 216-0157, (760) 877-4404, (760) 877-0400, (760) 888-7418 from phone numbers (626) 303-1515, (626) 305-8360, (800) 755-1515,  more than fifty (50) times even thought the plaintiff CARUSO's cell phone numbers (760) 877-4404, (760) 877-0400, (760) 888-7418 have all been listed on the "National Do Not Call List" since August 20, 2010.

**76.**   Defendant's CBB and DOES 1-10 have committed more than fifty (50) separate strict statutory violations of 47 U.S.C. §227(b)(1)(A).  Accordingly Plaintiff CARUSO is *entitled* to statutory damages in the amount of $500 dollars U.S. for the first *"unintentional"* consumer collection call made to plaintiff CARUSO by the defendant's CBB, and DOES 1-10 on July 6, 2015, pursuant to 47 U.S.C. §227(b)(1)(A).

**77.**  Plaintiff CARUSO is *also entitled to* treble damages in the amount of $1500.00 U.S. dollars for *each* of the additional forty nine (49) *"intentional"*

consumer debt collection calls placed by defendant's CBB and DOES 1-10 , to the plaintiff's private cell phone numbers  (760) 216-0157, (760) 877-4404, (760) 877-0400, (760) 888-7418.  After this initial first "*unitentional*" call pursuant to 47 U.S.C. §227(b)(3)(B).

**78.**  Defendant's CBB and DOES 1-10 have demonstrated *willful and knowing  non-compliance* with 47 U.S.C. §227(b)(3)(B) as those calls were <u>ALL</u> "*intentional*", meaning the last forty nine(49) consumer debt collection calls placed by defendant's CBB and DOES 1-10 to plaintiff CARUSO's cellular phone are *subject to treble damages, or $1500 per call* pursuant to 47 U.S.C.§227(b)(3)(B) .

**79.**  Defendant's CBB and DOES 1-10 have also demonstrated *willful or knowing non-compliance* with 47 U.S.C. §227(b)(1)(A)(iii) as forty nine (49) of the consumer debt collection calls made by the defendant's CBB and DOES 1-10 to the plaintiff cell phone's are subject to *treble damages* pursuant to U.S.C. §227(b)(3) as these calls were *intentional* .

**80.**  Plaintiff CARUSO and defendants CBB, EQUIFAX, TU, EIS and DOES 1-10 inclusively, *do not* have an *established business relationship* within the meaning of 47 U.S.C. §227 *et seq.*

**WHEREFORE**, Plaintiff CARUSO demands judgement for damages against defendants CBB, EQUIFAX, TU, EIS and DOES 1-10 inclusively, for actual, statutory, and punitive damages, attorney's costs and fees pursuant to 15 U.S.C. §227(b)(1)(A), together with such other and further relief as this court may deem reasonable and just under the circumstances.

## VII.   COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT(FDCPA) 15 U.S.C. §1692(c)(a)(1) AGAINST DEFENDANTS CBB and DOES 1-10

**81.**  Plaintiff CARUSO re-alleges and restates all of the foregoing jurisdictional  allegations and general factual allegations in paragraphs 1 thru 80 herein.

**82.  15 U.S.C. §1692(c)(a)(1) states in part;**

> COMMUNICATION WITH THE CONSUMER GENERALLY
> without the *prior express written consent* of the consumer given directly
> to the consumer debt collector or the *express permission* of a court of
> competent jurisdiction, a consumer debt collector *may not* communicate
> with the consumer in connection with the collection of the debt.

**83.**  As previously alleged, defendants CBB, EQUIFAX, TU, EIS and
DOES 1-10 inclusively, are all "debt collectors" within the meaning of the Fair
Debt Collection Practices Act, 15 U.S.C. Section §1692 *et seq.* defendants CBB,
EQUIFAX, TU, EIS and DOES 1-10 inclusively, are all engaged in conduct
proscribed by 15 U.S.C. Section §1692e(8), namely, "Communicating or
threatening to communicate to any person negative consumer credit information
which is known or which should have known to be false, including the failure to
communicate that a disputed consumer debt is disputed" Plaintiff CARUSO
reserves the right to allege other violations of the FDCPA as the facts of this case
unfold.

**84.**  Plaintiff CARUSO alleges defendants CBB, EQIFAX, TU, EIS and
DOES 1-10 inclusively, all *violated other statutory provisions* of the Federal Fair
Debt Collection Practices Act, as follows:

a. 15 U.S.C. Section §1692d: defendants CBB, EQIFAX, TU, EIS
and DOES 1-10 inclusively, and engaged in consumer debt collection efforts after
they knew, and had determined, that they had no basis for continuing to pursue
plaintiff CARUSO that had the natural consequences of harassing, abusing and
oppressing the plaintiff *in concert or in conjuction or unison with other named
defendants contained herein in the above-entitled federal complaint*.

b. 15 U.S.C. Section §1692e: defendants CBB, EQIFAX, TU, EIS
and DOES 1-10 *have threatened action, or taken action, including threats of
negative credit reporting, threats of lawsuits and implicit or explicit threats of
derogatory negative credit reporting, that cannot legally be taken because the
alleged debt is not* Plaintiff CARUSO's *consumer debt*.

c. 15 U.S.C. Section §1692f: defendants CBB, EQIFAX, TU, EIS and DOES 1-10 have each used unfair or unconscionable means to collect or attempt to collect the alleged debt. Specifically, each has attempted to collect amounts not expressly authorized by law or by any agreement, and have continued to attempt collection in spite of cancellation of the underlying agreement. In essence, there is no agreement and no obligation by which Mr. CARUSO owes any monies to defendants CBB, EQIFAX, TU, EIS and DOES 1-10 yet defendants CBB, EQIFAX, TU, EIS and DOES 1-10 persists to this day in their ongoing concerted campaign and harassing consumer collection efforts.

**85.** Defendants CBB and DOES 1-10  knew, or should have known that they placed more than fifty (50) Voice and/or automated Voice or ATDS system calls to plaintiff's cell phone numbers (760) 216-0157, (760) 877-4404, (760) 877-0400, (760) 888-7418  from phone numbers (626) 303-1515, (626) 305-8360, (800) 755-1515,  more than fifty(50) times, between the dates of January 07, 2013 to the present day, were both inconvenient, annoying, and cost him money on his cell phone bills that he had to pay for. All of these calls were made *deliberately and intentionally, thus,* defendant's CBB and DOES 1-10 have committed fifty (50) separate and distinct statutory violations of 15 U.S.C. §1692(c)(a) . *Every single  one* of these illegally placed calls were placed by defendant's CBB and DOES 1-10 *without* the *prior express written consent* of the consumer plaintiff CARUSO.

**86.** As a result of these statutory violations of the Federal Fair Debt Collection Practices Act by defendants CBB, EQIFAX, TU, EIS and DOES 1-10 inclusively, plaintiff CARUSO has suffered general and special damages according to proof, and is entitled to a statutory penalty for each separate violation of Act.

**WHEREFORE,** plaintiff CARUSO demands judgement for damages and injunctive relief against defendants CBB, EQIFAX, TU, EIS and DOES 1-10 inclusively, for actual statutory and punitive damages, attorney's fees and costs

1   pursuant to 15 U.S.C. §1692(c)(a), together with such other and further relief as the

2   Court may deem reasonable and just under the circumstances.

3                      **VIII.   COUNT III**

      **VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)**

4         **§1692(d)(5) BY DEFENDANTS CBB and DOES 1-10**

5       **87.**   Plaintiff CARUSO re-alleges and restates all of the foregoing

6   jurisdictional allegations and general factual allegations in paragraphs 1 thru 86

7   herein.

8       **88. 15 U.S.C. §1692(d) states in part;**

        A debt collector may not engage in any conduct the natural consequences

9         of which is to harass, oppress, or abuse any person in connection with the

        collection of a consumer debt. Without limiting the general application of

10      the foregoing, the following conduct is a violation of this section:

11

12       **89. 15 U.S.C. §1692(d)(5) states in part;**

        Causing a telephone to ring or engaging any person in a telephone

13      conversation repeatedly or continuously with the intent to annoy, abuse,

        or harass any person at the called number.

14       **90.**   Defendant's CBB and DOES 1-10 inclusively, violated 15 U.S.C.

15   §1692(d)(5) by calling plaintiff's cell phone numbers (760) 216-0157, (760) 877-

16   4404, (760) 877-0400, (760) 888-7418  from phone numbers (626) 303-1515,

17   (626) 305-8360, (800) 755-1515,  more than fifty(50) times, {*many times before*

18   *8:00 am in the morning*}{many times calling *multiple times in the same day*}

19   directly causing the plaintiff's personal cell phone to ring repeatedly and

20   continuously with the *intent* to *annoy, abuse, or harass* the plaintiff.  Every single

21   one of these placed calls were placed  by defendant's CBB and DOES 1-10

22   *without* the *prior express written consent* of the consumer, plaintiff CARUSO

23       **91.**   During this same three year period of time between

24   January 07, 2013 to the present day defendant's CBB and DOES 1-10

25   staff/personnel intentional and repeatedly called plaintiff CARUSO  more than fifty

26   (50) times on his numbers (760) 216-0157, (760) 877-4404, (760) 877-0400,

27   (760) 888-7418 from phone numbers (626) 303-1515, (626) 305-8360, (800) 755-

28   1515,  more than fifty(50) times,  This has caused this plaintiff undue *stress,*

1  plaintiff CARUSO's cell phones between the dates of January 07, 2013 and the

2  present day. On several occasions these very same calls were made without

3  meaningful disclosure of the caller defendant's CBB and DOES 1-10's true identity.

4  All fifty (50) calls wereindependently placed at different times.

5    **96.**   Every single one of these more than fifty (50) phone calls placed by

6  defendant's CBB and DOES 1-10 inclusively, were being made *without* the *prior*

7  *express written consent* of the consumer plaintiff CARUSO.

8  This added to the plaintiffs daily confusion and anxiety about these very same calls.

9

10   *i.e.*   *Who is this person or machine on the other end of the phone?*
          *Why are they calling me almost every day, many times a day?*

11          *Why are they leaving these strange messages?*
          *Why won't the people (when they do come on the line)*

12          *not listen to me and stop calling me?*

13   **97.**   Defendant's CBB and DOES 1-10 are using the fact that the plaintiff's

14  has mental issue's he takes prescribed by his doctor daily medicine's for by

15  continually calling his personal cell phones *sometime's more than once a day*, to

16  *harass, annoy* and *coerce* him into paying an alleged non-existent consumer debt.

17   **98.**   Defendant's CBB and DOES 1-10 inclusively, *thru mailed dunning*

18  *letters and phone numerous harassing phone calls* to plaintiff CARUSO

19  *threatening* to report this same alleged non-existent consumer debt item to be

20  placed by defendant's CBB and DOES 1-10 on all three National consumer credit

21  reporting agencies that record and report plaintiff CARUSO's credit. ***These very***

22  ***same  illegal business activities  border  on the edge of professional business***

23  ***extortion practices.***

24   **WHEREFORE,** plaintiff CARUSO demands judgement for damages

25  against defendant's CBB and DOES 1-10 , for actual, statutory, and punitive

26  damages, attorney's costs and fees pursuant to 15 U.S.C. §1692(d)(6) (FDCPA)

27  together with such other and further relief as the Court may deem reasonable and

28  just under the circumstances.

# X.   COUNT V
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)
### 15 U.S.C.§1692(e)(10) BY DEFENDANTS
#### CBB AND DOES 1-10

**99.**   Plaintiff CARUSO  re-alleges and restates all of the foregoing jurisdictional allegations and general factual allegations in paragraphs 1 thru 98 herein.

**100.**   Defendant's CBB and DOES 1-10 inclusively violated 15 U.S.C. §1692(e)(10) (FDCPA) by the use of false representation or deception means to collect or attempt to collect a debt or to obtain information concerning a consumer.

**101.   DEFENDANTS CBB and DOES 1-10**  staff *lied* to plaintiff CARUSO on numerous occasions from January 07, 2013 to the present day to gain information about the Plaintiff CARUSO .

**102.   15 U.S.C. §1692(e) states in part;**

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any consumer debt.Without limiting the general application of the foregoing.The following conduct is a violation of this section:

**103.   15 U.S.C. §1692(e)(10) states in part;**

> The use of any false representation or deceptive means to collect or attempt to collect a consumer debt or obtain information about a consumer.

**104.**   Plaintiff CARUSO  received many more than fifty (50) illegally placed calls by defendant's CBB and DOES 1-10 , staff *months  after* he had requested in writing for *certification* of the alleged consumer debt pursuant to U.S.C.§1692(g)(1)(2)(5)(b), (FDCPA).

**105.**   Defendant's CBB, and DOES 1-10 , not only *ignored* this same *demand* for *certification/validation* of the alleged consumer debt, these above named consumer business entities commenced a campaign for many years to harass, oppress, threaten, confuse and cause the plaintiff CARUSO experience long term emotional distress and confusion.

1   **106.**   These *more than* fifty (50) illegally placed calls by defendant's CBB

2   and DOES 1-10 , staff constitute more than fifty (50) separate and distinct

3   statutory violations as defined by 15 U.S.C.§1692g(1)(2)(5)(b) of the (FDCPA)

4   statutes of the United States of America and the California Consumer Protection

5   Statutes/Laws.

6   **WHEREFORE**, Plaintiff CARUSO demands judgement for damages

7   against  defendant's CBB and DOES 1-10 , for actual, statutory, and punitive

8   damages, attorney's costs and fees pursuant to 15 U.S.C .§1692(e)(10) FDCPA),

9   together with such other and further relief as the Court may deem reasonable and

10   just under the circumstances.

11

12   **XI.   COUNT VI**
**VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA),
15 U.S.C. §1681 et seq. WILLFUL OR NON-COMPLIANT
BY DEFENDANTS CBB, EQUIFAX, TU, EXPERIAN, AND DOES 1-10**

13

14

15   **107.**   Plaintiff CARUSO re-alleges and restates all of the foregoing

16   jurisdictional allegations and general factual allegations in paragraphs 1 thru 106

17   herein.

18   **108.**   a.   Defendant CBB is a California Corporation with a corporate

19   office located in Monrovia, CA,

20           b.   Defendant EQUIFAX INC. is a Consumer Reporting Agency as

21   defined by 15 U.S.C. §1681(f), (hereinafter "CRA"), with a corporate office located

22   in Atlanta, GA,

23           c.   Defendant TRANS UNION LLC,  is a Consumer Reporting

24   Agency as defined by 15 U.S.C. §1681(f),(hereinafter "CRA"), with a corporate

25   office located in Chester, PA,

26           d.   Defendant EXPERIAN INFORMATION SOLUTION INC.,

27   is a Consumer Reporting Agency as defined by 15 U.S.C. §1681(f),

28   (hereinafter "CRA"), with a corporate office located in Allen, TX,

**109.**   In or around August 01, 2015 Plaintiff CARUSO, who is not a minor, checked his consumer credit report from all three national credit reporting agencies, Experian, Equifax, and Trans Union (collectively "CRAs"), and discovered three negative consumer credit accounts reported by defendants CBB, EQUIFAX, TU, EIS and DOES 1-10 inclusively, placed on his personal consumer credit report, the first negative account dated 12/17/2012, the second negative account on 05/20/2013 and a third on 09/23/2014 all of these negative credit accounts were unfamiliar to plaintiff CARUSO, as he did not recall ever opening them and *he was never informed by these furnishers* of *their negative credit reporting* activities.

**110.**   Examples of these three (3) separate and distinct negative consumer credit accounts placed on plaintiff CARUSO's consumer credit reports with CBB, EQUIFAX, TU, EIS partial account number's # 627746****, #64244****, and #70759**** reported by all three CRA's since 12/17/2012.

**111.**   On or about August 15, 2015 Plaintiff CARUSO contacted the defendants CBB, EQUIFAX, TU, EIS and DOES 1-10 inclusively,  and disputed in writing the unknown negative credit accounts being reported by the collectively, pursuant to 15 U.S.C. §1681s-2(b) (FCRA).

**112.**   On or about September 01, 2015, following his credit bureau disputes, Plaintiff CARUSO sent letters to these same defendants CBB, EQUIFAX, TU, EIS and DOES 1-10 inclusively, in which he *demanded*  documentation substantiating the existence, ownership and *accuracy* of the negative consumer credit accounts reported by each of them, *otherwise their immediate deletion from his credit file*.

**113.**   Upon receipt of plaintiff CARUSO's disputes these same named defendants CBB, EQUIFAX, TU, EIS and DOES 1-10 inclusively, each continued to report disputed accounts on his consumer credit report, without notice that the accounts had been disputed by plaintiff, all throughout the investigation period and thereafter. They further failed to properly address plaintiff CARUSO's direct disputes with them and *failed to provide for his requested*  "verification" and

1   "validation" for these disputed negative consumer accounts.

2      **114.**   On or about October of 2015 Plaintiff CARUSO followed up with the

3   defendants CBB, EQUIFAX, TU, EIS and DOES 1-10 inclusively,  and each one of

4   them, on multiple occasions , via written certified mail requests, resubmitted his

5   requests and *demanding immediate deletion of the unverified accounts due to lack*

6   *of verification*, but each of these correspondences went *completely unanswered,*

7   *ignored*, or were *improperly handled,* all of his efforts and correspondences proved

8   *unsuccessful* in attaining *any of the defendant's cooperation whatsoever*.

9      **115.**   Regardless of plaintiff CARUSO's  numerous attempts to seek

10  defendant's cooperation and of the aforementioned defendant's each and every one

11  of thcm continuously, to date, failed to answer back to plaintiff CARUSO with

12  appropriate proof of investigation and verification of the information in dispute and

13  failed to take corrective action.

14     **116.**   These very same inaccurate consumer credit accounts negatively

15  reflect upon plaintiff as a consumer, borrower, debtor, his ability to gain

16  employment  and these negative consumer credit lines negatively impacted plaintiff

17  CARUSO's creditworthiness and financial standing, relationships with his

18  girlfriends or potential wives.

19     **117.**   Plaintiff CARUSO has suffered financial and emotional distress as a

20  direct result of defendants CBB, EQUIFAX, TU, EIS and DOES 1-10 inclusively,

21  violations, which include but are not limited to the following:

22          a.    Actual damages arising from monetary losses related to denials to

23  new credit, loss of use funds, loss of credit and loan opportunities, excessive and/or

24  elevated interest in financial charges;

25          b.    Out of pocket expenses associated with communicating with

26  defendants CBB, EQUIFAX, TU, EIS and DOES 1-10 inclusively, disputing the

27  negative credit information, and fees paid to attorneys and credit professionals for

28  the assistance attained in the process;

c.   Emotional distress and mental anguish associated with having derogatory credit information transmitted about plaintiff to other people both known and unknown;

d.   Decreased credit score and creditworthiness, which may result in the inability to obtain credit, employment or affordable housing without larger security deposits on future attempts.

**118.**   Defendants CBB, EQUIFAX, TU, EIS and DOES 1-10 inclusively, knowingly and willfully violated the FCRA.  Defendants CBB, EQUIFAX, TU, EIS and DOES 1-10 inclusively, violations include, but are not limited to the following:

a.   Failing to inform plaintiff about negative credit reporting made on his credit report, prior to within five (5) days of furnishing a collection account to the CRAs, in violation of (FCRA) 15 U.S.C. §1681s-2(a)(7)(A),;

b.   Failing to conduct a proper and complete investigation of disputed negative consumer credit information upon the receipt of Plaintiff CARUSO's disputes in violation of (FCRA) 15 U.S.C.§1681s-2(a)(8)(E);

c.   Failing to verify  disputed accounts with the CRA's  prior to conducting a thorough investigation and without having substantiating support for such verification;

d.   Reporting disputed information to the CRAs, without notice of plaintiff's dispute, during the investigation period and prior to providing verification of accuracy in violation of (FCRA) 15 U.S.C.§1681s-2(a)(3);

e.   Out of pocket expenses associated with the communication with defendants, disputing the negative consumer credit information, and fees paid to attorneys and credit professionals for their assistance attained in the process.;

**WHEREFORE**, Plaintiff CARUSO demands judgement for damages against defendants CBB, EQUIFAX, TU, EIS and DOES 1-10 inclusively,  for actual, statutory, and punitive damages, attorney's costs and fees pursuant to (FCRA)

15 U.S.C. §1681 *et seq.* together with such other and further relief as the Court may deem reasonable and just under the circumstances.

## XII.   COUNT VII
### VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681b WILLFUL AND/OR KNOWING NON-COMPLIANCE DEFENDANTS CBB, EQUIFAX, TU, EIS AND DOES 1-10

**119.**   Plaintiff CARUSO re-alleges and restates all of the foregoing jurisdictional allegations and general factual allegations in paragraphs 1 thru 118 herein.

**120.**   The (FCRA), 15 U.S.C.§1681b  defines the *permissible purpose* for which a person may obtain a consumer credit report.

**121.**   Such *permissible purposes* as defined by 15 U.S.C.§1681b (FCRA) are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

**122.**   Plaintiff CARUSO has *never* had *any business dealings* or had any accounts with, made application for credit from, made application for employment with, applied for insurance from, nor received a bona fide offer of credit from any of the defendant's , CBB, a California corporation, EQUIFAX  (a "CRA") , TU, (a "CRA") EIS (a "CRA") and DOES 1-10.

**123.**   At *no time* did Plaintiff CARUSO give his consent for defendant's , CBB, a California corporation, EQUIFAX  (a "CRA") , TU, (a "CRA") EIS (a "CRA") and DOES 1-10. to acquire his consumer credit report from *any* consumer reporting agency ("CRA").

**124.**   Defendant's , CBB, a California corporation, EQUIFAX  (a "CRA") , TU, (a "CRA") EIS (a "CRA") and DOES 1-10. have demonstrated willful and/or knowing non-compliance with the (FCRA), 15 U.S.C.§1681b and repeatedly violating plaintiff CARUSO's right to privacy.

**125.** Defendant's , CBB, a California corporation, EQUIFAX (a "CRA") , TU, (a "CRA") EIS (a "CRA") and DOES 1-10. had a *duty* to properly ascertain if there was any legitimate permissible purpose before obtaining plaintiff's consumer credit report and defendant's each and every one of them and *breached said duty by failing to do so.*

**WHEREFORE,** Plaintiff CARUSO demands judgement for damages against defendant's , CBB, a California corporation, EQUIFAX (a "CRA") , TU, (a "CRA") EIS (a "CRA") and DOES 1-10. for actual, statutory, and punitive damages, attorney's costs and fees pursuant to 15 U.S.C. §1681b together with such other and further relief as the Court may deem reasonable and just under the circumstances.

### XIII.   COUNT VIII
### VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT [AGAINST ALL DEFENDANTS] DEFENDANTS CBB, EQUIFAX, TU, EIS AND DOES 1-10

**126.** Plaintiff CARUSO re-alleges and restates all of the foregoing jurisdictional allegations and general factual allegations in paragraphs 1 thru 125 herein.

**127.** Within one years prior to the filing of the complaint in this action, defendant's , CBB, a California corporation, EQUIFAX (a "CRA") , TU, (a "CRA") EIS (a "CRA") and DOES 1-10, willfully and negligently violated the California Consumer Credit Reporting Agencies Act in at least the following ways:

a. By willfully and negligently failing, in the furnishing of derogatory credit information for the consumer report concerning plaintiff CARUSO, to follow reasonable procedures to assure maximum possible accuracy of the information in the report;

b. By willfully and negligently furnishing to credit reporting agencies information about the Plaintiff which defendant's , CBB, a California corporation,

EQUIFAX (a "CRA") TU, (a "CRA") EIS (a "CRA") and DOES 1-10, knew, or should have known, was incomplete, inaccurate and/or unverifiable;

      c.   By willfully and negligently failing to correct and/or delete the incomplete and inaccurate information in Plaintiff's consumer credit file after conducing an investigation;

      d.   By willfully and negligently failing to conduct an adequate investigation of Plaintiff's complaints, and by willfully and negligently failing to implement corrective actions once the outcome of such investigations were known, or should have been known to defendant's , CBB, a California corporation, EQUIFAX (a "CRA") ,TU, (a "CRA") EIS (a "CRA") and DOES 1-10,

      e.   By willfully and negligently failing to have proper procedures and apparatus in place which would promptly and accurately delete or correct and incorrect, incomplete or inaccurate credit reporting.

    **128.**   Each of the defendant's , CBB, a California corporation, EQUIFAX (a "CRA") ,TU, (a "CRA") EIS (a "CRA") and DOES 1-10, ,willfully and negligently failed in their obligations to reinvestigate and correct the derogatory marks in plaintiff's consumer credit reports. Plaintiff CARUSO hereby alleges that each of the defendant's , CBB, a California corporation, EQUIFAX (a "CRA") , TU, (a "CRA") EIS (a "CRA") and DOES 1-10, inclusive policies and practices hinder and obstruct adequate and meaningful re-investigations, and that each defendant knows of the effect's of their conclusive policies and practices.

    **129.**   As a proximate result of the willful and negligent actions of the defendant's , CBB, a California corporation, EQUIFAX (a "CRA") ,TU, (a "CRA") EIS (a "CRA") and DOES 1-10, inclusively, and each of them, plaintiff CARUSO has suffered  both general and special damages in an amount which will be proven at time of trial. As provided under the cited laws, plaintiff is entitled to actual damages, loss of wages, damage to credit reputation for many years of pain and suffering, costs and attorneys fees. Plaintiff is also entitled to punitive damages and

1  statutory penalties for willful statutory violations of the California Consumer Credit

2  Reporting Agencies Act.

3

4

5  ## XIIII.   COUNT VIIII
   ### VIOLATIONS OF THE CALIFORNIA ROSENTHAL FAIR DEBT
6  ### COLLECTION PRACTICES ACT CALIFORNIA CIVIL CODE §1788 *et seq.*
   ### [AGAINST ALL DEFENDANTS]
7  ### DEFENDANTS CBB, EQUIFAX, TU, EIS AND DOES 1-10

8     **130.**   Plaintiff CARUSO re-alleges and restates all of the foregoing

9  jurisdictional allegations and general factual allegations in paragraphs 1 thru 129

10  herein.

11     **131.**   Plaintiff CARUSO is a *consumer* within the meaning of

12  15 U.S.C. §1692 *et seq.* (FDCPA)

13     **132.**   Defendant's , CBB, a California corporation, EQUIFAX (a "CRA")

14  TU,(a "CRA") EIS (a "CRA") and DOES 1-10, inclusively, are seeking to collect

15  an *alleged consumer debt* from plaintiff CARUSO as defined by California Civil

16  Procedure §1788(f) (CRFDCPA).

17     **133.**   The alleged defendant's , CBB, a California corporation, EQUIFAX (a

18  "CRA") ,TU, (a "CRA") EIS (a "CRA") and DOES 1-10, inclusively, , consumer

19  debt account in question is a consumer transaction as defined by California Civil

20  Procedure §1788(e), (CRFDCPA) as the Plaintiff CARUSO has allegedly received

21  property, services or money from ANY of the defendant's or an extension of credit,

22  and such  property, services or money was used primarily for personal, family or

23  household purposes.

24     **134.**   Defendant's each and every one of them and also violated §1788.11(d)

25  of the California Rosenthal Fair Debt Collection Practices Act (CFDCPA) by

26  placing collection calls to the plaintiff's cellular phone repeatedly and continuously

27  so as to annoy, harass or embarrass the plaintiff. *Plaintiff CARUSO contends he has*

28  *always paid all of his consumer bills in as timely manner as possible.*

**135.**   All of the defendant's  violated §1788.17 of the California Rosenthal Fair Debt Collection Practices Act (CFDCPA) by placing numerous harassing debt collection calls to the plaintiff CARUSO with *such frequency* as to be *unreasonable* and to *constitute direct intentional harassment* of the plaintiff under the circumstances.

**136.**   Defendant's , CBB, a California corporation, EQUIFAX  (a "CRA") TU,(a "CRA") EIS (a "CRA") and DOES 1-10, inclusively,  also violated Section §1788.17 of the California Rosenthal Fair Debt Collections Practices Act (CFDCPA) by *continuously* failing to comply with the statutory regulations contained within the United States Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 *et seq.*

**WHEREFORE**, Plaintiff CARUSO demands judgement for damages against Defendant's , CBB, a California corporation, EQUIFAX  (a "CRA") TU,(a "CRA") EIS (a "CRA") and DOES 1-10, inclusively, for actual statutory and punitive damages, attorney's fees pursuant to §1788.30(b) and costs pursuant to §1788.30(c), the California Rosenthal Fair Debt Collection Practices Act CC1788 *et seq.,* together with such other and further relief as the Court may deem reasonable and just under the circumstances.

## XV.   COUNT X
### AGAINST ALL THREE CRA'S
### FAILURE TO ESTABLISH PROPER PROCEDURES
### 15 U.S.C. §1681(e)
### DEFENDANTS CBB, EQUIFAX, TU, EIS AND DOES 1-10

**137.**   Plaintiff CARUSO re-alleges and restates all of the foregoing jurisdictional allegations and general factual allegations in paragraphs 1 thru 136 herein.

**138.**   Defendant CRA's violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer credit report and consumer credit files it published and maintains concerning plaintiff CARUSO.

**139.**  As a result of this conduct, action and inaction of defendant's CRA's, plaintiff CARUSO suffered damages by loss of credit, denial of rental of houses and commercial buildings, loss of ability to purchase and benefit from credit, mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

**140.**  Defendants CRA's conduct, action, and inaction was willful, rendering it liable for punitive damages in the amount to be determined by the court pursuant to 15 U.S.C. §1681n. In the alternative, it was negligent, entitling plaintiff to recover under 15 U.S.C. §1681o.

**141.**  Plaintiff is entitled to recover attorneys fees from defendant CRA's in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and/or §1681o.

## XVI.  COUNT XI
### AGAINST ALL THREE CRA'S
### FAILURE TO REINVESTIGATE 15 U.S.C. §1681(i)
### DEFENDANTS CBB, EQUIFAX, TU, EIS AND DOES 1-10

**142.**  Plaintiff CARUSO re-alleges and restates all of the foregoing jurisdictional allegations and general factual allegations in paragraphs 1 thru 141 herein.

**143.**  Defendant CRA's violated 15 U.S.C. §1681i on multiple occasions by failing to delete inaccurate information in plaintiff's consumer credit files after receiving actual notice to such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward relevant information to the Creditors; failing to maintain reasonable procedures with which to filter and verify disputed information in plaintiff's consumer credit file; and by relying upon verification from a source it has reason to know is unreliable.

**144.**  As a direct result of this conduct, action and inaction of defendant's CRA's, plaintiff CARUSO has suffered damages by loss of credit, loss of ability to purchase and benefit from credit, mental and emotional pain and anguish and the humiliation and embarrassment of consumer credit denials.

**145.** Defendant CRA's conduct, action and inaction was willful, rendering it liable for punitive damages in the amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, it was negligent, entitling Plaintiff CARUSO to recover under 15 U.S.C. §1681o.

**146.** Plaintiff CARUSO is entitled to recover attorneys fees from defendant's in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and/or §1681o.

### XVII.   COUNT XII
### AGAINST ALL THREE CRA'S
### FAILURE TO REINVESTIGATE 15 U.S.C. §1681(i)
### AGAINST DEFENDANTS CBB AND DOES 1-10

**147.** Plaintiff CARUSO re-alleges and restates all of the foregoing jurisdictional allegations and general factual allegations in paragraphs 1 thru 146 herein .

**148.** When plaintiff CARUSO attempted to dispute the inaccuracies with the CRA's, the results of the CRA's investigation reported that CALIFORNIA BUSINESS BUREAU had verified the information **as accurate.**

**149.** CALIFORNIA BUSINESS BUREAU received notices of the disputes under 15 U.S.C. §1681i(a)(2). CALIFORNIA BUSINESS BUREAU was then obligated to reinvestigate these same disputes under 15 U.S.C. §1681s-2. CALIFORNIA BUSINESS BUREAU reinvestigation should have been determined that the debt was disputed and that the report it was furnishing was inaccurate, incomplete or could not be verified.

**150.** Under 15 U.S.C. §1681s-2(b)(1)(E), CALIFORNIA BUSINESS BUREAU then had a duty to modify the disputed information, delete the disputed information, or permanently block the reporting of the disputed information.

**151.** However, CALIFORNIA BUSINESS BUREAU allegedly verified the tradeline that included inaccurate information.

1     **152.** Defendant CALIFORNIA BUSINESS BUREAU violated 15 U.S.C.

2     §1681s-2(b)(1) by failing, upon receiving notice of dispute by plaintiff from the

3     defendant CRA's to conduct a lawful investigation; by failing to review all relevant

4     information provided by the defendant CRA's; by failing to report the result of its

5     investigation to the CRA's; if the investigation finds that the information is

6     incomplete or inaccurate, by failing to report those results to the defendant CRA's

7     and/or if the information is disputed by plaintiff CARUSO is found to be inaccurate

8     or incomplete or cannot be verified after any reinvestigation by failing to modify,

9     delete or permanently block that item of information.

10    **153.** As a result of this conduct, action or inaction of defendant

11    CALIFORNIA BUSINESS BUREAU, plaintiff CARUSO has suffered damages by

12    loss of credit, loss of ability to purchase or benefit from credit, the mental and

13    emotional pain and anguish and the humiliation and embarrassment of credit

14    denials.

15    **154.** Defendant CALIFORNIA BUSINESS BUREAU conduct, action and

16    inaction was willful, rendering it liable for punitive damages in an amount to be

17    determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, it was

18    negligent, entitling plaintiff to recover under 15 U.S.C. §1681o.

19    ///

20    ///

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28

# XVIII.  PRAYER

I, RICHARD CARUSO, the Plaintiff In Pro Se, in the above-entitled Complaint respectfully prays for judgment as follows:

1. For actual, general and special damages according to the proof at trial;
2. For statutory penalties or civil penalties for each separate statutory violation where allowed by statute.
3. For punitive damages against Defendants according to proof at trial and using the applicable punitive damages standards from the involved statutes;
4. For attorney's fees where authorized by statute or law;
5. For costs and expenses of suit; and
6. For such other relief as the court deems just and proper.

# XVIIII.  DEMAND FOR JURY TRIAL

**155.**   Plaintiff RICHARD CARUSO  hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted to this court this 8th day of March 2016.

RICHARD CARUSO, Plaintiff In Pro Se.
1600 E. Vista Way #85
Vista, CA 92084
Ph: 760-888-7418

# XI.  VERIFICATION
## DECLARATION OF PLAINTIFF RICHARD CARUSO

I, RICHARD CARUSO, declare as follows:

**156.**  I am the In Pro Se Plaintiff in the above-entitled Ninth Circuit District case.

**157.**  I am of age, sound mind and competent to testify to all of the facts based on first-hand knowledge of all of the aforementioned items so stated.

**158.**  I have been damaged *financially*, *socially* and *emotionally* since July 15, 2015 as a direct result of defendant's , CBB, a California corporation, EQUIFAX (a "CRA") TU,(a "CRA") EIS (a "CRA") and DOES 1-10, inclusively, unlawful actions and conduct including more than fifty (50) calls to my cellular phones.

**159.**  I have read the foregoing pleading's in their entirety and believe all of the fact's therein so stated to be both *true and correct*.

**160.**  I declare under the penalty of perjury pursuant to the laws of California and the Courts of the United States, that the foregoing is true and correct to the best of my knowledge, information and belief.

**161.**  Plaintiff CARUSO demands judgement for damages against Defendant's , CBB, a California corporation, EQUIFAX (a "CRA") TU,(a "CRA") EIS (a "CRA") and DOES 1-10, inclusively, , for actual, statutory, and punitive damages, attorney's costs and fees pursuant to pursuant to §1788.30(b) and costs pursuant to §1788.33(c) together with such other and further relief as the Court may deem reasonable and just under the circumstances.

Dated this 8th day of March 2016 By: _____

RICHARD CARUSO, Plaintiff In Pro Se